## PAGE v. CAMP.

An action for perjury is not sustainable before a justice of peace, unless the defendant has been previously convicted; neither can new trials be granted by a single minister of law; or the decisions of one, be subjected to the re-examination or impeachment of another.

ERROR from the judgment of a justice of the peace.

CAMP, the defendant in error, brought his action against Page, the plaintiff in error, before Justice O. P. stating in his declaration, " That said Page commenced an ·action of book debt against him before Justice D. W. demanding forty shillings, etc., to which he pleaded that he owed nothing. And on trial of said cause, the only articles exhibited by said Page as his charge on books, were sundry casks, (to-wit) hogsheads, butts and barrels; which he testified, had been by him delivered to the care of said Camp some time before, and that they were then good and valuable, and that he (said Page) had never seen or heard of them after the delivery. By means of which testimony and information given by said Page on said trial, he recovered of said Camp by the judgment of said Justice W. twenty-nine shillings debt and eighteen shillings cost. That the testimony and information of said Page to said justice, respecting said casks, was false; for said casks, at the time of said pretended delivery, were

all unfound and of very little value; and that said Page, after the time of said pretended delivery, had taken them all out of the custody of said Camp and disposed of them; which facts did not appear on trial, because they were then unknown to said Camp: And by reason of which false information given by said Page in the premises, said Camp is damnified," etc.

On a demurrer to this declaration, judgment was rendered for the plaintiff.

. ·Mr. Tracy and Mr. Kirby, for the plaintiff in error, took two exceptions to this judgment. 1st. That the action was not sustainable, being brought to draw again into controversy, facts which had once been adjudged by a court of competent and final jurisdiction. 2d. That the declaration supposes a fraud in the defendant, but contains no allegation of science, without which no action for fraud is sustainable.

Mr. Adams and Mr. Reeve, in support of the judgment, contended, that this action did not call in question the former judgment rendered by Justice W. but is in nature of an *indebitatus assumpsit* to recover back money obtained by .fraud. The facts alleged in the declaration amount to a charge of perjury, and therefore contain the highest possible .charge of fraud. They relied principally on the case of .Moses and Macfarlan, 2 Burrow, 1005.

. Judgment reversed.

By the Court. An action for perjury is not sustainable .by a single minister of law, unless for damages consequent upon conviction; and there is no averment in the declaration, of science in the party who testified, that his testimony was ·false, without which it could not be perjury. But the action ·was brought against a party to a former suit for supporting

facts by his own testimony, which it is averred would be found untrue upon new evidence. This would have been a ground for a new trial, had the cause been of sufficient magnitude: But the law doth not admit of new trials before a justice of the peace, nor doth it subject the decisions of one justice of the peace to the re-examination or impeachment of another, to which, an affirmance of the judgment in this case would be giving countenance.

The authority of Macfarlan's case, cited and relied on in support of the judgment, does not apply; the cases materially differ. *Indebitatus assumpsit* was there maintained for money recovered before a court of conscience; but maintained on grounds of which the court of conscience had no cognizance, and to which their decision had no relation. In this case, one justice re-examines the truth of facts, over the head of another justice, of similar jurisdiction, and, in fact, tries the same case, a second time.

DYER and PITKIN, JJ., dissenting. In this case there is a fraud alleged of the highest kind — a taking of property by willful false swearing in a court of justice. Why, then, should there not be a remedy, and why is not this a proper one? The reason, that the public will sustain an inconvenience by such a practice, does not counterbalance the injury that will be sustained by leaving such injustice remediless; therefore, the suit ought to be supported on principles of public policy as well as public justice. The objection that there is not enough alleged in the declaration, is not a solid one. We rarely allege more in any declaration for fraud. The facts stated are such, that the science and intention of the defendant must follow as a necessary and unavoidable conclusion.

It is said if this action prevails, it will establish a principle, by which one justice will interfere with the decisions of another. That consequence will not follow. The first justice was undoubtedly right, and decided upon good reasons: The second may adjudge in favor of the opposite party, and be equally right; for the question before the last is a very different one from the former. Here is no interference of jurisdiction — no clashing of judgments. This action is well supported by the general principles of common law. It is a strong case; for it is agreed there is no remedy for the injury complained of, unless the present action be supported: Therefore we cannot say the judgment is erroneous.